Attorney: NICHOLAS MARTINO, JR.
         Attorney for Plaintiffs
         7448 Amboy Road
         Staten Island, New York 10307
         (718) 605-7360

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------
NICKOLAS CHRISTIE and DONNA CHRISTIE,

                Plaintiff(s),

     -against-

HYATT HOTELS CORP., d/b/a WORLD OF HYATT,
APPLE LEISURE GROUP, AMR RESORT
MANAGEMENT, LLC, AMResorts, LLC, AMR
COLLECTION, DREAMS MACAO BEACH PUNTA
CANA, "JOHN DOE 1 – 10," fictitious
names intended to represent individual
employees and/or agents of the defendants
named herein, and "ABC CORPORATION,"
fictitious names intended to represent
corporations and/or entities involved in
the subject incident,

                Defendant(s).
------------------------------------------

COMPLAINT,
DEMAND FOR
JURY TRIAL

    Plaintiffs, NICKOLAS CHRISTIE and DONNA CHRISTIE, by their

attorney, Nicholas Martino, Jr., do hereby complain of the

defendants and allege the following upon information and belief and

at all times herein relevant.

### VENUE AND JURISDICTION

    1.   This action is brought pursuant to 28 U.S.C. Section 1345

and 28 U.S.C. Section 1391, as well as under New York State tort

law.

2.    Jurisdiction is founded in the District Court pursuant to 28 U.S.C. Section 1332 (Diversity of Citizenship); and, this is a Civil action arising under the laws of the State of New York.

3.    Venue is properly laid in this district under 28 U.S.C. Section 1391(b)(3), and plaintiffs are residents of the State of New York.

**PARTIES**

4.    Plaintiffs, NICKOLAS CHRISTIE and DONNA CHRISTIE, husband and wife, were and still are residents of Richmond County, City and State of New York.

5.    That on or before June 9, 2022, defendant, HYATT HOTELS CORP., d/b/a WORLD OF HYATT, (hereinafter referred to as "HYATT"); whose headquarters is located at 150 N. Riverside, Chicago, Illinois 60606, was and still is a foreign corporation duly organized under and existing by virtue of the laws of the State of Illinois.

6.    That on or before June 9, 2022, defendant, APPLE LEISURE GROUP, (hereinafter referred to as "ALG"), whose headquarters is located at 3805 W. Chester Pike, Suite 240, Newtown Square, Pennsylvania 19073, was and still is a foreign corporation duly organized under and existing by virtue of the laws of the State of Pennsylvania.

7.    That on or before June 9, 2022, defendant, AMR RESORT MANAGEMENT, LLC, whose headquarters is located at 7 Campus Boulevard, Suite 100, Newtown Square, Pennsylvania 19073, was and

still is a foreign corporation duly organized under and existing by virtue of the laws of the State of Pennsylvania.

8.   That on or before June 9, 2022, defendant, AMResorts, LLC, whose headquarters is located at 7 Campus Boulevard, Suite 100, Newtown Square, Pennsylvania 19073, was and still is a foreign corporation duly organized under and existing by virtue of the laws of the State of Pennsylvania.

9.   That on or before June 9, 2022, defendant, AMR COLLECTIONS, whose headquarters is located at 7 Campus Boulevard, Suite 100, Newtown Square, Pennsylvania 19073, was and still is a foreign corporation duly organized under and existing by virtue of the laws of the State of Pennsylvania.

10.   That on or before June 9, 2022, defendant, DREAMS MACAO BEACH PUNTA CANA, (hereinafter referred to as "DREAMS"), is located at Playa Macao, Macao, La Altagracia Province Republica Dominicana 23000, was and still is a luxury resort in the Dominican Republic.

11.   That on or before June 9, 2022, defendants, "JOHN DOE 1 – 10," fictitious names intended to represent individual employees and/or agents of the defendants named herein, were employees, agents and/or servants of the defendants herein.

12.   That on or before June 9, 2022, defendants, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, were owners,

operators, managers, supervisors and/or security for defendant, DREAMS MACAO BEACH PUNTA CANA.

13.  That on or before June 9, 2022, defendant, HYATT, had substantial contacts with the State of New York.

14.  That on or before June 9, 2022, defendant, HYATT, regularly solicited business from individuals within the State of New York.

15.  That on or before June 9, 2022, defendant, HYATT, advertised in the State of New York.

16.  That on or before June 9, 2022, defendant, HYATT, derived substantial revenue from the State of New York.

17.  That on or before June 9, 2022, defendant; ALG, had substantial contacts with the State of New York.

18.  That on or before June 9, 2022, defendant, ALG, regularly solicited business from individuals within the State of New York.

19.  That on or before June 9, 2022, defendant, ALG, advertised in the State of New York.

20.  That on or before June 9, 2022, defendant, ALG, derived substantial revenue from the State of New York.

21.  That on or before June 9, 2022, defendant, AMR RESORT MANAGEMENT, LLC, had substantial contacts with the State of New York.

22.  That on or before June 9, 2022, defendant, AMR RESORT MANAGEMENT, LLC, regularly solicited business from individuals

within the State of New York.

23.   That on or before June 9, 2022, defendant, AMR RESORT MANAGEMENT, LLC, advertised in the State of New York.

24.   That on or before June 9, 2022, defendant, AMR RESORT MANAGEMENT, LLC, derived substantial revenue from the State of New York.

25.   That on or before June 9, 2022, defendant, AMResorts, LLC, had substantial contacts with the State of New York.

26.   That on or before June 9, 2022, defendant, AMResorts, LLC, regularly solicited business from individuals within the State of New York.

27.   That on or before June 9, 2022, defendant, AMResorts, LLC, advertised in the State of New York.

28.   That on or before June 9, 2022, defendant, AMResorts, LLC, derived substantial revenue from the State of New York.

29.   That on or before June 9, 2022, defendant, AMR COLLECTION, had substantial contacts with the State of New York.

30.   That on or before June 9, 2022, defendant, AMR COLLECTION, regularly solicited business from individuals within the State of New York.

31.   That on or before June 9, 2022, defendant, AMR COLLECTION, advertised in the State of New York.

32.   That on or before June 9, 2022, defendant, AMR COLLECTION, derived substantial revenue from the State of New York.

33.  That on or before June 9, 2022, defendant, DREAMS, had substantial contacts with the State of New York.

34.  That on or before June 9, 2022, defendant, DREAMS, regularly solicited business from individuals within the State of New York.

35.  That on or before June 9, 2022, defendant, DREAMS, advertised in the State of New York.

36.  That on or before June 9, 2022, defendant, DREAMS, derived substantial revenue from the State of New York.

37.  That on or before June 9, 2022, defendant, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, had substantial contacts with the State of New York.

38.  That on or before June 9, 2022, defendant, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, regularly solicited business from individuals within the State of New York.

39.  That on or before June 9, 2022, defendant, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, advertised in the State of New York.

40.  That on or before June 9, 2022, defendant, "ABC CORPORATION," fictitious names intended to represent corporations

and/or entities involved in the subject incident, derived substantial revenue from the State of New York.

41.   That on or about June 9, 2022, the defendant, HYATT, was and still is the owner of the luxury resort, DREAMS, located at Playa Macao Provincia La Altagracia Dominican Republic.

42.   That on or about June 9, 2022, the defendant, HYATT, operated the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

43.   That on or about June 9, 2022, the defendant, HYATT, maintained the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

44.   That on or about June 9, 2022, the defendant, HYATT, controlled the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

45.   That on or about June 9, 2022, the defendant, HYATT, inspected the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

46.   That on or about June 9, 2022, the defendant, HYATT, supervised the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

47.   That on or about June 9, 2022, the defendant, HYATT, managed the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

48.   That on or about June 9, 2022, the defendant, HYATT, was responsible for providing security for the luxury resort, DREAMS.

49.   That on or about June 9, 2022, the defendant, ALG, was and still is the owner of the luxury resort, DREAMS, located at Playa Macao Provincia La Altagracia Dominican Republic.

50.   That on or about June 9, 2022, the defendant, ALG, operated the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

51.   That on or about June 9, 2022, the defendant, ALG, maintained the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

52.   That on or about June 9, 2022, the defendant, ALG, controlled the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

53.   That on or about June 9, 2022, the defendant, ALG, inspected the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

54.   That on or about June 9, 2022, the defendant, ALG, supervised the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

55.   That on or about June 9, 2022, the defendant, ALG, managed the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

56. That on or about June 9, 2022, the defendant, ALG, was responsible for providing security for the luxury resort, DREAMS.

57. That on or about June 9, 2022, the defendant, AMR RESORT MANAGEMENT, LLC, was and still is the owner of the luxury resort, DREAMS, located at Playa Macao Provincia La Altagracia Dominican Republic.

58. That on or about June 9, 2022, the defendant, AMR RESORT MANAGEMENT, LLC, operated the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

59. That on or about June 9, 2022, the defendant, AMR RESORT MANAGEMENT, LLC, maintained the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

60. That on or about June 9, 2022, the defendant, AMR RESORT MANAGEMENT, LLC, controlled the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

61. That on or about June 9, 2022, the defendant, AMR RESORT MANAGEMENT, LLC, inspected the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

62. That on or about June 9, 2022, the defendant, AMR RESORT MANAGEMENT, LLC, supervised the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

63.   That on or about June 9, 2022, the defendant, AMR RESORT MANAGEMENT, LLC, managed the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

64.   That on or about June 9, 2022, the defendant, AMR RESORT MANAGEMENT, LLC, was responsible for providing security for the luxury resort, DREAMS.

65.   That on or about June 9, 2022, the defendant, AMResorts, LLC, was and still is the owner of the luxury resort, DREAMS, located at Playa Macao Provincia La Altagracia Dominican Republic.

66.   That on or about June 9, 2022, the defendant, AMResorts, LLC, operated the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

67.   That on or about June 9, 2022, the defendant, AMResorts, LLC, maintained the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

68.   That on or about June 9, 2022, the defendant, AMResorts, LLC, controlled the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

69.   That on or about June 9, 2022, the defendant, AMResorts, LLC, inspected the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

70.   That on or about June 9, 2022, the defendant, AMResorts, LLC, supervised the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

71. That on or about June 9, 2022, the defendant, AMResorts, LLC, managed the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

72. That on or about June 9, 2022, the defendant, AMResorts, LLC, was responsible for providing security for the luxury resort, DREAMS.

73. That on or about June 9, 2022, the defendant, AMR COLLECTION, was and still is the owner of the luxury resort, DREAMS, located at Playa Macao Provincia La Altagracia Dominican Republic.

74. That on or about June 9, 2022, the defendant, AMR COLLECTION, operated the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

75. That on or about June 9, 2022, the defendant, AMR COLLECTION, maintained the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

76. That on or about June 9, 2022, the defendant, AMR COLLECTION, controlled the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

77. That on or about June 9, 2022, the defendant, AMR COLLECTION, inspected the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

78. That on or about June 9, 2022, the defendant, AMR COLLECTION, supervised the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

79.   That on or about June 9, 2022, the defendant, AMR COLLECTION, managed the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

80.   That on or about June 9, 2022, the defendant, AMR COLLECTION, was responsible for providing security for the luxury resort, DREAMS.

81.   That on or about June 9, 2022, the defendant, DREAMS MACAO BEACH PUNTA CANA, was and still is the owner of the luxury resort, DREAMS, located at Playa Macao Provincia La Altagracia Dominican Republic.

82.   That on or about June 9, 2022, the defendant, DREAMS MACAO BEACH PUNTA CANA, operated the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

83.   That on or about June 9, 2022, the defendant, DREAMS MACAO BEACH PUNTA CANA, maintained the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

84.   That on or about June 9, 2022, the defendant, DREAMS MACAO BEACH PUNTA CANA, controlled the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

85.   That on or about June 9, 2022, the defendant, DREAMS MACAO BEACH PUNTA CANA, inspected the luxury resort, DREAMS, including

all hallways, hotel rooms, and common areas within the subject premises.

86.   That on or about June 9, 2022, the defendant, DREAMS MACAO BEACH PUNTA CANA, supervised the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

87.   That on or about June 9, 2022, the defendant, DREAMS MACAO BEACH PUNTA CANA, managed the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

88.   That on or about June 9, 2022, the defendant, DREAMS MACAO BEACH PUNTA CANA, was responsible for providing security for the luxury resort, DREAMS.

89.   That on or about June 9, 2022, the defendants, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, was and still is the owner of the luxury resort, DREAMS, located at Playa Macao Provincia La Altagracia Dominican Republic.

90.   That on or about June 9, 2022, the defendants, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, operated the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

91.   That on or about June 9, 2022, the defendants, "ABC CORPORATION," fictitious names intended to represent corporations

and/or entities involved in the subject incident, maintained the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

92.   That on or about June 9, 2022, the defendants, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, controlled the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

93.   That on or about June 9, 2022, the defendants, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, inspected the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

94.   That on or about June 9, 2022, the defendants, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, supervised the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

95.   That on or about June 9, 2022, the defendants, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, managed the luxury resort, DREAMS, including all hallways, hotel rooms, and common areas within the subject premises.

96.   That on or about June 9, 2022, the defendants, "ABC CORPORATION," fictitious names intended to represent corporations and/or entities involved in the subject incident, was responsible for providing security for the luxury resort, DREAMS.

97.   That on or about June 9, 2022, defendant, HYATT, owned defendant, ALG.

98.   That on or about June, 9, 2022, defendant, HYATT, owned, defendant, AMR RESORT MANAGEMENT, LLC.

99.   That on or about June, 9, 2022, defendant, HYATT, owned, defendant, AMResorts, LLC.

100. That on or about June, 9, 2022, defendant, HYATT, owned, defendant, AMR COLLECTION.

101. That on or about June, 9, 2022, defendant, APPLE LEISURE GROUP, owned, defendant, AMR RESORT MANAGEMENT, LLC.

102. That on or about June, 9, 2022, defendant, APPLE LEISURE GROUP, owned, defendant, AMResorts, LLC.

103. That on or about June, 9, 2022, defendant, APPLE LEISURE GROUP, owned, defendant, AMR COLLECTION.

104. That on or about June, 9, 2022, defendant, APPLE LEISURE GROUP, owned, defendant, DREAMS MACAO BEACH PUNTA CANA.

105. That on or about June 9, 2022, defendant, AMR RESORT MANAGEMENT, LLC, was a subsidiary of defendant, HYATT.

106. That on or about June 9, 2022, defendant, AMResorts, LLC, was a subsidiary of defendant, HYATT.

107. That on or about June 9, 2022, defendant, AMR COLLECTION, was a subsidiary of defendant, HYATT.

108. That on or about June 9, 2022, defendant, DREAMS, was a subsidiary of defendant, HYATT.

109. That on or about June 9, 2022, defendant, ALG, was a subsidiary of defendant, HYATT.

110. That on or about June 9, 2022, defendant, AMR RESORT MANAGEMENT, LLC, was a subsidiary of defendant, ALG.

111. That on or about June 9, 2022, defendant, AMResorts, LLC, was a subsidiary of defendant, ALG.

112. That on or about June 9, 2022, defendant, AMR COLLECTION, was a subsidiary of defendant, ALG.

113. That on or about June 9, 2022, defendant, DREAMS, was a subsidiary of defendant, ALG.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

114. Plaintiffs repeat and reiterate each and every allegation state in paragraph "1" through "113" as if herein fully stated.

115. That on or about June 8, 2022, the plaintiffs, NICKOLAS CHRISTIE and DONNA CHRISTIE, arrived at the luxury resort, DREAMS MACAO BEACH PUNTA CANA, with an anticipated departure date of June 14, 2022.

116. The plaintiffs traveled to DREAMS luxury resort for their son's wedding, which took place on June 11, 2022.

117. The plaintiffs were assigned to Room 1030 on June 8, 2022.

118. In the early morning hours of June 9, 2022, two (2) armed men entered the plaintiffs' room, while plaintiffs were sleeping.

119. The men were wearing face coverings and placed a flashlight and knife in plaintiff, DONNA CHRISTIE'S, face, awakening her.  She screamed for fear of her life, awakening her husband, plaintiff, NICKOLAS CHRISTIE.

120. One of the perpetrators placed a knife at the throat of plaintiff, NICKOLAS CHRISTIE, demanding money ("dinero").

121. Moreover, one of the perpetrators also attempted to sexually abuse and violate plaintiff, DONNA CHRISTIE, grabbing her thigh.

122. Additionally, a physical altercation erupted between the plaintiff, NICKOLAS CHRISTIE, and the perpetrators.

123. Plaintiff, NICKOLAS CHRISTIE, was physically and violently assaulted and stabbed, sustaining serious and permanent injury.

124. That the plaintiff, DONNA CHRISTIE, was groped and grabbed in an inappropriate manner by the subject perpetrators.

125. That the altercation between the plaintiff, NICKOLAS CHRISTIE, and the perpetrators continued for a period of time, resulting in further physical injury and harm to the plaintiff.

126. That the perpetrators robbed money, personal property, jewelry and cash from the plaintiffs, including, but not limited

to, cell phones, Rolex watch and approximately Three Thousand Dollars ($3,000) in cash.

127. That as a result of the foregoing, the plaintiffs feared for their life, believing that they were each going to be murdered.

128. That security had been called by other individuals, who heard the screams of the plaintiff, DONNA CHRISTIE.

129. That security did not arrive for approximately one-half (1/2) hour after the aforementioned attack and assault and robbery had occurred.

130. Thereafter, the plaintiffs would never return to their room (1030), opting to sleep with their daughter and brother-in-law in a single room (1101) for fear that the perpetrators would return.

131. That the plaintiffs left the facility on June 12, 2022, rather than their scheduled departure date of June 14, 2022.

132. Based upon information and belief, the subject perpetrators were on the property of defendant, DREAMS, for a substantial period of time prior to their assault, robbery and attack of the plaintiffs and, were not pursued and apprehended by security.

133. That the defendants knew or should have known that the subject perpetrators were on the subject property for a substantial amount of time, prior to their attack, robbery and assault of the plaintiffs.

134. That the defendants failed to provide proper security, preventing the perpetrators from entering the property of DREAMS and more specifically, the plaintiffs' room.

135. That the defendants failed to provide sufficient and adequate security to prevent the subject occurrence.

136. Despite the aforementioned occurrence and, the plaintiffs' staying in one (1) room with seven (7) people, until June 12, 2022, the defendants herein charged the plaintiffs for their entire pre-scheduled dates of June 8, 2022 through June 14, 2022.

137. Moreover, while leaving the subject premises on June 12, 2022, one of the security guards of the subject premises was found taking photographs of the plaintiffs, resulting in further anxiety, stress and fear for their lives.

138. That the aforementioned occurrence was directly caused by the defendants, their agents, servants and/or employees' carelessness, negligence and recklessness in owning, controlling, operating, maintaining and supervising the subject DREAMS luxury resort; that the aforementioned occurrence was a direct result of the defendants, their agents servants and/or employees' failure to provide proper and adequate security; that the defendants, their agents, servants and/or employees failed to hire proper security personnel; that the defendants, their agents, servants and/or employees failed to provide proper security measures, including,

but not limited to, proper fencing, property security cameras, sufficient number of security personnel; that the defendants, their agents, servants and/or employees failed to properly train security personnel; that the defendants, their agents, servants and/or employees failed to properly recruit, hire and maintain proper security personnel; that the defendants, their agents, servants and/or employees failed to have sufficient number of security stations for the size of the luxury resort property; that the defendants, their agents, servants and/or employees failed to properly supervise and oversee the security team at the subject resort; that the defendants, their agents, servants and/or employees failed to properly monitor video cameras; that the defendants, their agents, servants and/or employees failed to hire sufficient number of personnel to walk and patrol the subject property; that the defendants, their agents, servants and/or employees failed to call the police in a timely fashion; that the defendants, their agents, servants and/or employees failed to respond to pleas for help; that the defendants, their agents, servants and/or employees failed to hire sufficient personnel to monitor and patrol the subject premises; that the defendants, their agents, servants and/or employees failed to properly investigate the subject perpetrators entering onto the DREAMS property prior to their attack, assault and robbery upon the plaintiffs.

139. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including, but not limited to, plaintiffs' non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed plaintiffs a non-delegable duty of care.

140. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiffs' damages, including, but not limited to, plaintiffs' non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, and/or employees.

141. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiffs' damages, including, but not limited to, plaintiffs' non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants acted with reckless disregard for the safety of others.

142. That the plaintiffs were free from any contributory negligence.

143. That as a result of the foregoing, the plaintiffs sustained severe emotional trauma, anxiety, fear, depression, sleeplessness, nightmares, abdominal pain, physical pain, stress,

lost earnings, psychological and emotional injury, and other pecuniary loss, including, but not limited to, cash, cell phones and jewelry.

144. That as a result of the foregoing, the plaintiff, NICKOLAS CHRISTIE, was seriously and permanently injured.

145. That as a result of the foregoing, the plaintiff, DONNA CHRISTIE, was seriously and permanently injured.

146. That by reason of the foregoing, plaintiff, NICKOLAS CHRISTIE, was damaged in the amount of Five Million ($5,000,000.00) Dollars plus costs, disbursements, attorney's fees, and interest.

147. That by reason of the foregoing, plaintiff, DONNA CHRISTIE, was damaged in the amount of Five Million ($5,000,000.00) Dollars plus costs, disbursements, attorney's fees, and interest.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

148. Plaintiffs repeat and reiterate each and every allegation state in paragraph "1" through "147" as if herein fully stated.

149. That the negligence of the defendants described herein resulted in each plaintiff suffering severe emotional distress and anxiety, fear, nightmares, abdominal pain, sleeplessness, and other physical manifestations of their emotional distress.

150. That said occurrence and resulting injuries to plaintiffs, NICKOLAS CHRISTIE and DONNA CHRISTIE, occurred without

any fault or wrongdoing on the part of the plaintiffs contributing thereto.

151. That as a result of the foregoing, the plaintiff, NICKOLAS CHRISTIE, was seriously and permanently injured.

152. That as a result of the foregoing, the plaintiff, DONNA CHRISTIE, was seriously and permanently injured.

153. That by reason of the foregoing, plaintiff, NICKOLAS CHRISTIE, was damaged in the amount of Five Million ($5,000,000.00) Dollars plus costs, disbursements, attorney's fees, and interest.

154. That by reason of the foregoing, plaintiff, DONNA CHRISTIE, was damaged in the amount of Five Million ($5,000,000.00) Dollars plus costs, disbursements, attorney's fees, and interest.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

155. Plaintiffs repeat and reiterate each and every allegation state in paragraph "1" through "154" as if herein fully stated.

156. That the aforementioned occurrence was a direct result of the wanton and gross negligence of the defendants herein.

157. That as a result of the defendants' wanton and gross negligence, the plaintiffs sustained serious and permanent physical and emotional injuries, including, but not limited to, pain and suffering, emotional distress, anxiety, fear, sleeplessness, abdominal pain, stress, depression, nightmares, emotional trauma, financial and pecuniary loss.

158. That said occurrence and resulting injuries to plaintiffs, NICKOLAS CHRISTIE and DONNA CHRISTIE, occurred without any fault or wrongdoing on the part of the plaintiffs contributing thereto.

159. That as a result of the foregoing, the plaintiff, NICKOLAS CHRISTIE, was seriously and permanently injured.

160. That as a result of the foregoing, the plaintiff, DONNA CHRISTIE, was seriously and permanently injured.

161. That by reason of the foregoing, plaintiff, NICKOLAS CHRISTIE, was damaged in the amount of Five Million ($5,000,000.00) Dollars plus costs, disbursements, attorney's fees, and interest.

162. That by reason of the foregoing, plaintiff, DONNA CHRISTIE, was damaged in the amount of Five Million ($5,000,000.00) Dollars plus costs, disbursements, attorney's fees, and interest.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

163. Plaintiffs repeat and reiterate each and every allegation state in paragraph "1" through "162" as if herein fully stated.

164. That on or about June 9, 2022, plaintiff, DONNA CHRISTIE, observed her husband, plaintiff, NICKOLAS CHRISTIE, sustain serious and permanent injuries, caused as a result of the aforementioned assault and robbery.

165. That the plaintiff, DONNA CHRISTIE, was in the zone of danger at the time that her husband, plaintiff, NICKOLAS CHRISTIE,

was involved in the subject assault and robbery.

166. That on or about June 9, 2022, plaintiff, NICKOLAS CHRISTIE, observed his wife, plaintiff, DONNA CHRISTIE, sustain serious and permanent injuries, caused as a result of the aforementioned assault and robbery.

167. That the plaintiff, NICKOLAS CHRISTIE, was in the zone of danger at the time that his wife was involved in the subject assault and robbery.

168. That as a result of the foregoing, the plaintiffs sustained serious emotional trauma and emotional distress, anxiety and depression.

169. That by reason of the foregoing, plaintiff, NICKOLAS CHRISTIE, was damaged in the amount of Five Million ($5,000,000.00) Dollars plus costs, disbursements, attorney's fees, and interest.

170. That by reason of the foregoing, plaintiff, DONNA CHRISTIE, was damaged in the amount of Five Million ($5,000,000.00) Dollars plus costs, disbursements, attorney's fees, and interest.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

171. Plaintiffs repeat and reiterate each and every allegation state in paragraph "1" through "170" as if herein fully stated.

172. That the plaintiffs, NICKOLAS CHRISTIE and DONNA CHRISTIE, were and still are husband and wife.

173. That as a result of the above mentioned, plaintiffs, NICKOLAS CHRISTIE and DONNA CHRISTIE, were caused to be deprived of each other's society, companionship, consortium and financial support.

174. That by reason of the foregoing, plaintiff, NICKOLAS CHRISTIE, was damaged in the amount of Five Million ($5,000,000.00) Dollars plus costs, disbursements, attorney's fees, and interest.

175. That by reason of the foregoing, plaintiff, DONNA CHRISTIE, was damaged in the amount of Five Million ($5,000,000.00) Dollars plus costs, disbursements, attorney's fees, and interest.

WHEREFORE, plaintiffs demand judgment as follows:

On the First Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Five Million ($5,000,000.00) Dollars for plaintiff, NICKOLAS CHRISTIE, and Five Million ($5,000,000.00) Dollars for plaintiff, DONNA CHRISTIE, plus punitive damages, costs, disbursements and attorney's fees and interest.

On the Second Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Five Million ($5,000,000.00) Dollars for plaintiff, NICKOLAS CHRISTIE, and Five Million ($5,000,000.00) Dollars for plaintiff, DONNA CHRISTIE, plus punitive damages, costs, disbursements and attorney's fees and interest.

On the Third Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Five Million ($5,000,000.00) Dollars for plaintiff, NICKOLAS CHRISTIE, and Five Million ($5,000,000.00) Dollars for plaintiff, DONNA CHRISTIE, plus punitive damages, costs, disbursements and attorney's fees and interest.

On the Fourth Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Five Million ($5,000,000.00) Dollars for plaintiff, NICKOLAS CHRISTIE, and Five Million ($5,000,000.00) Dollars for plaintiff, DONNA CHRISTIE, plus punitive damages, costs, disbursements and attorney's fees and interest.

On the Fifth Cause of Action, compensatory damages, jointly and severally against all of the defendants, in the sum of Five Million ($5,000,000.00) Dollars for plaintiff, NICKOLAS CHRISTIE, and Five Million ($5,000,000.00) Dollars for plaintiff, DONNA CHRISTIE, plus punitive damages, costs, disbursements and attorney's fees and interest.

<u>JURY DEMAND</u>

Demand is hereby made for a trial by jury on all issues.

Dated: Staten Island, New York
      August 17, 2022

                    Yours, etc.

                    NICHOLAS MARTINO, JR. (NM-4118)
                    Attorney for Plaintiffs
                    7448 Amboy Road
                    Staten Island, New York 10307
                    (718) 605-7360