UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
NICHOLAS CHRISTIE and DONNA
CHRISTIE,

                Plaintiffs,

   -against-

HYATT CORPORATION and its
Subsidiaries and Affiliates, known under its
Trademark, WORLD OF HYATT; HYATT
HOTELS CORPORATION and its
Subsidiaries and Affiliates, known under its
Trademark, WORLD OF HYATT; HYATT
FRANCHISING LATIN AMERICA, LLC,
and its Subsidiaries and Affiliates; THE
CORYN GROUP II, LLC, its Subsidiaries
and Affiliates, known under its Trademark,
AMR COLLECTION; APPLE LEISURE
GROUP and its Subsidiaries and Affiliates;
ALG VACATIONS CORPORATION and
its Subsidiaries and Affiliates;
CASABLANCA GLOBAL
INTERMEDIATE HOLDINGS, L.P., and
its Subsidiaries and Affiliates d/b/a APPLE
LEISURE GROUP; CASABLANCA
GLOBAL HOLDINGS, L.P., and its
Subsidiaries and Affiliates d/b/a APPLE
LEISURE GROUP; AMRESORTS, L.P.,
and its Subsidiaries and Affiliates;
DREAMS MACAO BEACH PUNTA
CANA; "JOHN DOES 1–10," fictitious
names intended to represent individual
employees and/or agents of the defendants
named herein; and "ABC
CORPORATION," fictitious names
intended to represent corporations,
subsidiaries and/or entities involved in the
subject incident,

                Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 22-CV-4839 (FB) (RML)

| | |
|---|---|
| *Appearances:* | *For the Defendants:* |
| *For the Plaintiffs:* | LAUREN M. ZINK |
| NICHOLAS MARTINO, JR. | Wilson, Elser, Moskowitz, Edelman & |
| Law Firm of Nicholas Martino, Jr. | Dicker LLP |
| 7448 Amboy Road | 150 East 42nd St. |
| Staten Island, NY 10307 | New York, NY 10017 |

**BLOCK, Senior District Judge:**

In this diversity-jurisdiction tort action, Plaintiffs Nickolas and Donna Christie (collectively, "Plaintiffs") allege that Defendants Hyatt Corporation, Hyatt Hotels Corporation, Hyatt Franchising Latin America, LLC, the Coryn Group II, LLC, ALG Vacations Corporation, Casablanca Global Intermediate Holdings L.P, AMResorts LP, and Dreams Macao Beach Punta Cana (collectively, "Defendants") were negligent in connection with an assault and robbery of the Plaintiffs while they were guests at a resort in the Dominican Republic. Defendants move to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), improper venue pursuant to Rule 12(b)(3), and failure to state a claim pursuant to Rule 12(b)(6). For the foregoing reasons, Defendants' Rule 12(b)(1) motion to dismiss for lack of jurisdiction is granted.

## I.     BACKGROUND

In this tort action brought against Defendant hotel and resort operators, Plaintiffs, a married couple residing in Staten Island, allege the following facts, which the Court accepts as true on this motion to dismiss. *See Forest Park*

2

*Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). While Plaintiffs were staying as guests at the Dreams Macao Beach Punta Cana Resort (the "Resort") in the Dominican Republic, a pair of unidentified armed intruders assaulted and robbed them on June 9, 2022. In the physical altercation that ensued after the intruders pulled out knives, Nickolas Christie was stabbed. Plaintiffs have alleged that Defendants were negligent in owning, controlling, operating, maintaining, and supervising the Resort and have brought claims for negligence, gross negligence, negligent infliction of emotional distress, "zone of danger," and loss of consortium.

## II.   DISCUSSION

While Defendants provide three independent bases for dismissing Plaintiffs' action,[1] the Court must first decide the jurisdictional question under Rule 12(b)(1). *See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (a motion to dismiss for failure to state a claim may be decided only after finding jurisdiction).

---

1 Defendants' other two grounds for dismissal are (1) improper venue because Plaintiffs signed a forum-selection clause mandating that any claims be brought in the Dominican Republic and (2) failure to state a claim because Defendants do not operate, own, or manage the Resort. The Court need not consider these other arguments because it dismisses on the jurisdictional question.

## A. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction before jurisdictional discovery, Plaintiffs bear the burden of making a "prima facie showing that jurisdiction exists," which must include an "averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018) (cleaned up). While Plaintiffs bear the burden, the Court construes their pleadings and affidavits in the light most favorable to them and resolve all doubts in their favor.

There are two types of personal jurisdiction for the Court to consider: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). For each type of jurisdiction, determining whether personal jurisdiction exists over a defendant is a two-step process: (1) the Court applies New York's long-arm statute; and (2) the Court determines "whether personal

4

jurisdiction comports with due process protections established under the Constitution."[2]  *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015).

### 1. *General Jurisdiction*

First, Plaintiffs fail to show general jurisdiction over any Defendant that comports with the Fourteenth Amendment's Due Process Clause.  General jurisdiction allows a court to exercise personal jurisdiction over a defendant where it is essentially at home.  After the Supreme Court's landmark 2014 decision in *Daimler AG v. Bauman*, 571 U.S. 117, the Second Circuit has made clear that a forum state will have general personal jurisdiction over a corporation in three circumstances: (1) if the corporation is incorporated in the forum state, (2) if a corporation has its principal place of business there, or (3) in rarely applicable "exceptional" cases.  *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir.

---

[2] Because New York's general jurisdiction statute, NY CPLR § 301, merely provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore," the relevant limitation on *general jurisdiction* is the Due Process analysis provided by *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and its progeny.  *See Aybar v. Aybar*, 37 N.Y.3d 274, 289 (2021). For that reason, the Court only considers the Due Process prong for its general jurisdiction analysis.  However, for *specific jurisdiction*, "[b]ecause the New York long-arm statute [NY CPLR § 302] is more restrictive than the federal due process requirements, by virtue of satisfying the long-arm statute the minimum contacts and reasonableness requirements of due process have similarly been met." *Noval Williams Films LLC v. Branca*, 128 F. Supp. 3d 781, 788 (S.D.N.Y. 2015). Accordingly, the Court begins — and ends — its specific jurisdiction analysis under the long-arm statute, NY CPLR § 302.

2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)); *see also Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020) (For general jurisdiction, a corporate defendant may be "treated as essentially at home only where it is incorporated or maintains its principal place of business.").

Plaintiffs cannot meet their prima facie burden, as they fail to provide evidence that any Defendant is incorporated in New York or maintains its principal place of business in the state.[3] Rather, citing exclusively pre-*Daimler* cases, Plaintiffs argue that the Court may exercise general jurisdiction over Defendants Hyatt Hotels Corporation and Hyatt Corporation because they own, operate, manage, maintain, and control numerous hotels in New York. This contention is a misreading of the last decade of general-jurisdiction precedent: after *Daimler*, a company may do substantial business in New York without having contacts that "are so 'continuous and systematic,' judged against the corporation's national and global activities, that it is 'essentially at home' in that state." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 571 U.S. at 127).

In analogous cases, the Second Circuit and district courts have repeatedly rejected the argument that a defendant is "at home in New York [merely] because

---

[3] Nowhere do Plaintiffs claim that Defendants are incorporated or maintain their principal place of business in New York. The Complaint states that each of the Defendants is a "foreign corporation" with headquarters outside New York.

6

it carries on significant business in the state." *Kerman v. InterContinental Hotels Grp. Res. LLC*, No. 20CV1085PKCPK, 2021 WL 930253, at *5 (E.D.N.Y. Mar. 11, 2021) (collecting cases); *see also Chufen Chen*, 954 F.3d at 500 (no general jurisdiction over Dunkin Donuts despite having numerous retail establishments in New York); *Gucci Am.*, 768 F.3d at 135 (bank not subject to general personal jurisdiction where it has branch offices in the forum but is headquartered and incorporated elsewhere); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 630 (2d Cir. 2016) (no general jurisdiction over Lockheed Martin even where it employed people in Connecticut and earned $160 million in gross revenue from Connecticut operations). As the Supreme Court explained in *Daimler*, a corporate defendant could hardly be "at home" in every state in which it conducted substantial business. 571 U.S. at 139. Consequently, "even a company's engagement in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir. 2014).

Nor do Plaintiffs show that Defendants' connections to New York are so "exceptional" to render them essentially at home in the state, despite not being incorporated or maintaining their principal place of business there. Instead, the

7

exhibits that Plaintiffs attach tend to show the opposite — that New York is merely one among a litany of locations in which Defendants maintain properties.

Plaintiffs appear to gesture towards either an "agency" or "mere department" theory, either of which allows a court to impute jurisdiction to a parent based on an in-state subsidiary.[4] But Plaintiffs cannot impute jurisdiction to Defendants when they fail to show general jurisdiction over *any relevant entity* in New York. *See Mercer Health & Benefits LLC v. DiGregorio*, 307 F. Supp. 3d 326, 345 (S.D.N.Y. 2018) ("To the extent the 'mere department' theory has survived *Daimler*, Mercer has not shown that it is likely to succeed in showing that there is an entity that is 'at home' in New York State that is a 'mere department' of Lockton Co."). *Cf. Alfandary v. Nikko Asset Mgmt. Co.*, No. 17-CV-5137 (LAP), 2022 WL 20833775, at *6 (S.D.N.Y. Mar. 30, 2022) ("As a threshold matter, unlike in *Daimler*, here, NAMA is incorporated in the forum state—New York—and has its 'principal and exclusive place of business' there.").

---

[4] Whether *Daimler* — which rejected the Ninth Circuit's reliance on an agency theory — extinguished the viability of either theory remains an open question in the Second Circuit, although several district courts in the Circuit have applied the mere department theory to find jurisdiction over a parent corporation. *See Alfandary v. Nikko Asset Mgmt. Co.*, No. 17-CV-5137 (LAP), 2022 WL 20833775, at *3 n.10 (S.D.N.Y. Mar. 30, 2022) (collecting cases).

In sum, because *Daimler* and its progeny have transformed the law of general personal jurisdiction, Plaintiffs' reliance on the extent of Hyatt's business operations in New York is misplaced. A corporation "at home" in every jurisdiction in which it operates is "at home" nowhere. Plaintiffs have failed to meet their burden to show general jurisdiction over any Defendant.

### 2. *Specific Jurisdiction*

Plaintiffs also fail to show specific jurisdiction, which "covers defendants less intimately connected with a State, but only as to a narrower class of claims" compared to general jurisdiction. *Ford Motor Co.*, 592 U.S. at 359. Specific jurisdiction requires the Court to analyzes the relationship between the "defendant, the forum, and the litigation." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). The defendant must have contacts with the forum state, meaning that it must "purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co.*, 592 U.S. at 359 (2021). But this showing is not enough — Plaintiffs' claims also "must arise out of or relate to the defendant's contacts with the forum." *Id.* (cleaned up).

Because Plaintiffs' Complaint makes clear that the injury they seek to redress arose at the Resort in the Dominican Republic, Plaintiffs fail to establish the requisite link between their claim and New York. While Plaintiffs are

9

regretfully vague as to which of the four prongs of New York's long-arm statute, *see* N.Y. C.P.L.R. § 302(a)(1)-(4), they believe confers personal jurisdiction, the Court finds that none does.

Plaintiffs fail to establish personal jurisdiction under § 302(a)(1), which requires that: "(1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity," *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006), meaning that "there [is] an articulable nexus or substantial relationship between the asserted claim and the defendant's contacts." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327, 339 (2012). For a foreign tort, "either the duty that was breached or the injury to the plaintiff must have originated in New York to satisfy § 302(a)(1)." *Kerman*, 2021 WL 930253, at *4.

Plaintiff can establish neither here. Courts in the Second Circuit considering similar facts — tort claims brought against hotel or resorts companies premised on injuries outside the state — consistently dismiss for lack of specific personal jurisdiction. *See, e.g.*, *Luke v. Sunwing Travel Grp.*, No. 20CV6141PKCCLP, 2022 WL 595133, at *1 (E.D.N.Y. Feb. 28, 2022) (dismissing for lack of jurisdiction negligence claim against resort for injury suffered in Cancun); *Kerman*, No. 20CV1085PKCPK, 2021 WL 930253, at *4 (dismissing negligence

10

claim against hotel for slip-and-fall in location in Israel); *Cummings v. Jai Ambe, Inc.*, No. 11-CIV-8213 ER, 2013 WL 620186, at *3 (S.D.N.Y. Feb. 13, 2013) (no personal jurisdiction in negligence case for injuries suffered at hotel in Missouri). A New York state court recently considering a slip-and-fall at a Hyatt property in the Bahamas found that there was no specific jurisdiction under § 302(a)(1) because "plaintiff has not proffered any evidence of activities by Hyatt in New York that resulted, or was related to the Plaintiff's slip and fall accident that occurred in the Bahamas." *Herlihy v. Hyatt Corp.*, No. 159385-2020, 2022 WL 4119921, at *2 (N.Y. Sup. Ct. Sep. 06, 2022).

The only alleged connection to New York is that Plaintiffs booked reservations while they were physically in the state. But as the Second Circuit has made plain, "out-of-state injuries do not suffice for jurisdiction under § 302(a)(1) when their only connection to New York is that they were sustained in the course of an activity that was advertised and contracted for within the state." *Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 46 (2d Cir. 2016); *see Hinsch v. Outrigger Hotels Haw.*, 153 F.Supp.2d 209, 213-14 (E.D.N.Y. 2001) ("Courts have consistently held that the in-state activity of booking a hotel room is too remote from negligence alleged to have taken place at a foreign hotel to satisfy Section 302."). Because Plaintiffs' claims arise out of tortious activity committed in the Dominican

11

Republic, rather than the "alleged business transaction conducted in New York (i.e., the making and confirming of Plaintiff's hotel reservation), this Court may not exercise long-arm jurisdiction over Defendants." *Cummings*, WL 620186, at *3.

Nor do the other provisions of § 302(a) provide Plaintiffs with specific personal jurisdiction over Defendants. Section 302(a)(2) does not provide specific jurisdiction because the defendant's act must have occurred "within the state." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 790 (2d Cir. 1999). Section 302(a)(3) is of no avail because the "situs of injury," i.e., the "location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff," must be New York. *Thackurdeen*, 660 F. App'x at 46–47. Here, the original event that caused the injury occurred in the Dominican Republic. And finally, § 302(a)(4), which applies to claims arising out of ownership, use, or possession of real property, is similarly unhelpful.

Given the real injuries that Plaintiffs have suffered, dismissing for lack of jurisdiction may seem a harsh result, but under clearly established Supreme Court and Second Circuit precedent, the Court cannot proceed over Defendants over whom it lacks jurisdiction. And plaintiffs are not without options for where they can sue defendants — they may proceed in the state where defendants incorporate

or have their principal place of business, or where plaintiffs' injuries arose. Alternatively, at some point, New York might require out-of-state corporations to consent to general jurisdiction as a condition for registering to do business in the state.[5]  But under current law, jurisdiction over Defendants in New York is plainly inappropriate.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

**SO ORDERED.**

                                                  /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
May 23, 2024

---

[5] In a recent development in the law of general personal jurisdiction, the Supreme Court held in *Mallory v. Norfolk Southern Railway Company*, 600 U.S. 122 (2023) that a Pennsylvania statute requiring out-of-state corporations to consent to general personal jurisdiction in Pennsylvania courts as condition of registering to do business in the state does not violate the Due Process Clause.  However, New York currently lacks an analogue to the Pennsylvania statute: Governor Hochul vetoed the bill in late 2023, and under current New York law, a foreign corporation does not consent to general personal jurisdiction in New York by merely registering to do business in the state and designating an in-state agent for service of process under BCL § 1301(a).  *See Aybar v. Aybar*, 37 N.Y.3d 274 (2021).